IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:14-mc-38-B-BN | |
| § | | |
| KEITH HALE, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Jason L. Nieman filed a Motion for a Specific Attachment of Assets. *See* Dkt. No. 6. Defendants Keith Hale and Insurance Search Group ("ISG") have filed a response, *see* Dkt. No. 10, and Plaintiff has filed a reply, *see* Dkt. No. 11. United States District Judge Jane J. Boyle referred this matter to the undersigned United States magistrate for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 7. For the reasons explained below, Plaintiff's Motion for Specific Attachment of Assets [Dkt. No. 6] for the court costs registered under 28 U.S.C. § 1963 should be granted only to the extent that Plaintiff is ordered to file a new motion as explained below.

**Background**

Plaintiff and Defendants have a contentious history that predates this lawsuit, including Illinois federal and state court actions, a related Texas federal action, and the present action to enforce a money judgment. During March 2011, Plaintiff applied

for a job with RLI Insurance Co., which had retained Defendant Hale, a professional insurance employment recruiter who does business as Defendant ISG, to find qualified applicants. After the position was given to another candidate, Plaintiff filed suit on August 30, 2011 in Illinois state court against RLI, RLI employees involved in the hiring process, Defendant Hale, and Defendant ISG, claiming that defendants had violated the Illinois Human Rights Act ("IHRA") and that RLI violated Title VII of the Civil Rights Act of 1964 ("Title VII"). On January 6, 2012, defendants removed the action to an Illinois federal district court, and all of the defendants but Defendants Hale and ISG settled with Plaintiff. The Illinois federal district court granted Defendants' motion to dismiss on February 28, 2012. Plaintiff appealed the dismissal to the United States Court of Appeals for the Seventh Circuit, which vacated the lower court's dismissal, remanded the action to the lower court, and awarded Plaintiff court costs in the amount of $618.00 in October 2013. *See* Dkt. No. 1 at 3-4. The Illinois federal district court then remanded the action to an Illinois state court because all of the federal claims were resolved leaving only state law claims against Defendants and awarded Plaintiff additional court costs in the amount of $345.00 in November 2013. *See* Dkt. No. 1 at 2.

In the related Texas action, the relevant facts begin in March 2012 when Plaintiff applied for a different position with Republic Group in Dallas, Texas through Defendants and another recruiter. After the position was given to another candidate, Plaintiff filed suit in the Northern District of Texas against Defendants Hale and ISG, asserting a retaliation claim under Title VII, the Texas Commission on Human

Rights Act ("TCHRA"), and the IHRA on July 19, 2012. On January 22, 2014, Plaintiff then attempted to transfer the Illinois court costs to the related Texas action involving Plaintiff and Defendants in the Northern District of Texas. On March 6, 2014, the Court denied Plaintiff's attempt to transfer those costs to the related Texas action.

On March 13, 2014, Plaintiff filed the present action in the Northern District of Texas to register in this Court the judgment of another federal court under 28 U.S.C. § 1963. Plaintiff sought a writ of execution, and, on April 10, 2014, this Court issued the writ of execution. *See* Dkt. No. 2. Plaintiff filed a supplemental writ of execution, *see* Dkt. No. 3, and the Court issued the supplemental writ on December 16, 2014, *see* Dkt. No. 4. Plaintiff attempted to collect on the judgment on January 13, 2015, which U.S. Marshals returned nulla bona, *see* Dkt. No. 5, and Plaintiff filed a motion for a specific attachment of assets order on February 18, 2015, *see* Dkt. No. 6.

Defendants Hale and ISG make numerous arguments against the enforcement of Plaintiff's court costs, claiming (1) that this Court has already rejected Plaintiff's transfer attempt; (2) that enforcement is premature as long as the Illinois state action continues; (3) that Plaintiff has failed to substantiate his costs; (4) that this Court lacks personal jurisdiction over Defendants; and (5) that Plaintiff has violated Texas' Identity Theft Enforcement and Protection Act ("ITEPA").

**Legal Standards**

Plaintiff's enforcement of the Illinois court costs in this district is governed by the federal registration statute, 28 U.S.C. § 1963, and Federal Rule of Civil Procedure 54(d)(1). Pursuant to 28 U.S.C. § 1963, federal law generally allows a judgment entered in a district court to be registered in any other district court. Section 1963 states:

> A judgment in an action for the recovery of money or property entered in any court of appeals [or] district court … may be registered by filing a certified copy of the judgment in any other district … when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown…. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963.

The federal registration statute, 28 U.S.C. § 1963, was adopted to simplify and facilitate the enforcement of federal judgments, to eliminate the necessity and expense of a second lawsuit, and to avoid impediments like diversity of citizenship that new federal litigation might otherwise encounter. *See Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 407-08 (5th Cir. 2001).

Plaintiff's award of court costs is also governed by Federal Rule of Civil Procedure 54(d)(1), which establishes the procedure for taxing court costs and seeking judicial review of those costs. Rule 54(d)(1) states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party…. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

4

FED. R. CIV. P. 54(d)(1). The assessment of costs is generally a clerical matter that is completed by the Clerk of the Court. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). A district court, however, may review the Clerk's determination exercising its own discretion under a *de novo* standard. *See Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). The Court owes no deference to the Clerk's determination, and the Court is not limited to or constricted by the record. *See id.*

Plaintiff's motion to attach specific assets also may be intending to rely on the Court's authority under the Texas Turnover Statute, Texas Civil Practice & Remedies Code § 31.002. Section 31.002 is a procedural device that permits judgment creditors to reach a debtor's assets that are otherwise difficult to attach or levy. *See Af-Cap, Inc. v. Republic of Congo,* 462 F.3d 417, 426 (5th Cir. 2006) (citing *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 224 (Tex. 1991)). The turnover statute itself does not require notice and a hearing prior to issuance of a turnover order. *See Ex parte Johnson*, 654 S.W.2d 415, 418 (Tex. 1983). Nevertheless, the trial court "must have some evidence before it that establishes that the necessary conditions for the application of 31.002 exist." *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App. – Houston [1st Dist.] 2008, no pet.). The creditor must show the trial court that: "(1) the debtor owns the property, (2) the property cannot be readily attached, and (3) the property is not exempt." *Stephenson v. LeBoeuf,* No. 14-2-130-cv, 2003 WL 22097781, at *2 (Tex. App. – Houston [14th Dist.] Sept. 11, 2003, no pet.).

For a judgment creditor to prove the required elements, the creditor must "introduce more evidence than just a motion for turnover. The statute requires a factual showing that the judgment debtor has non-exempt property that is not readily subject to ordinary execution." *Id.* (citing *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991)). "A turnover order must be specific in both identifying the non-exempt property that is susceptible to turnover relief and in tailoring the turnover relief to that property." *Moyer v. Moyer*, 183 S.W.3d 48, 54 (Tex. App. – Austin 2005, no pet.); *see also Roebuck v. Horn*, 74 S.W.3d 160, 163 (Tex. App. – Beaumont 2002, no pet.) ("A reference to broad categories of assets does not constitute a reference to specific assets that is required in a turnover order."); *Finotti v. Old Harbor Co.*, No. 5-97-1365-cv, 1999 WL 1034607, at *1 (Tex. App. – Dallas Nov. 16, 1999, no pet.) ("[T]he trial court's order must be definite, clear, and concise in its description of the property to be turned over eliminating the need for interpretations, inferences or conclusions.").

The Court therefore may not properly enter a turnover order if there is not at least some probative evidence of the necessary facts supporting the trial court's discretion. *See Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, No. 13-12-00365-CV, 2014 WL 1266118, at *4 (Tex. App. – Corpus Christi 2014, no pet.).

**Analysis**

The initial issue presented here is whether a judgment for court costs may be registered under 28 U.S.C. § 1963, the federal judgment registration statute. Section 1963 applies only to a judgment to recover money or property and does not permit

enforcement of a decree for injunctive relief. *See* 11 Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. Civ. § 2787 (3d. ed.). In *James Blackstone Memorial Association v. Gulf, M. & O. R. Co.*, a Connecticut federal district court allowed a railroad company to register court costs that it was awarded by an Illinois federal district court as a money judgment within the scope of 28 U.S.C. § 1963. 28 F.R.D. 385 (D. Conn. 1961). The undersigned agrees and concludes that Plaintiff's Illinois court costs may be registered in this district as a money judgment so long as Plaintiff satisfies the requirements of Section 1963 and Rule 54(d)(1).

Defendants assert various claims against enforcing Plaintiff's Illinois court costs in this district. First, Defendants argue that the Court has already denied Plaintiff's attempt to transfer the money judgment to this Court. But Defendants misunderstand the nature of the Court's previous order denying Plaintiff's attempt to transfer the money judgment. The Court denied Plaintiff's transfer of court costs for ministerial reasons. The appropriate procedure for enforcing a money judgment in this Court from another federal court is to register the judgment as a new action pursuant to 28 U.S.C. § 1963 not to transfer that judgment to an ongoing related action in this district as Plaintiff initially attempted. *See Nieman v. Hale*, No. 3:12-cv-2433-L, Dkt. No. 94 at 2 (N.D. Tex. Mar. 6, 2014). Plaintiff has now properly filed a miscellaneous action for these purposes.

Second, Defendants argue that Plaintiff is creating a new matter from an ongoing Illinois state action, so Plaintiff's enforcement attempts are premature. At first glance, Defendants' claim appears to have some merit as the underlying Illinois

7

action is ongoing, and Federal Rule of Civil Procedure 54(b) states that a judgment that disposes of fewer than all of the claims or parties involved in an action is not final for the purposes of appeal absent certification to that effect under Rule 54(b).

But Plaintiff's court costs meet the requirements of 28 U.S.C. § 1963 because they have "become final by appeal or expiration of the time for appeal." 28 U.S.C. § 1963. The Seventh Circuit held that the Illinois district court should not have granted Defendants' motion to dismiss Plaintiff's state law claims, remanded Plaintiff's claims to the lower court, and awarded court costs to Plaintiff. Upon remand, the Illinois district court returned Plaintiff's remaining state law claims to the Illinois state court and awarded additional court costs to Plaintiff. So, even if Plaintiff ultimately loses all of his Illinois state law claims, he is still entitled to the court costs because the Seventh Circuit affirmed Plaintiff's right to keep his claims against Defendants Hale and ISG alive after Defendants filed their motion to dismiss. The merits of Plaintiff's state law claims are separate from his award of court costs, and, although the merits of Plaintiff's claims continue to be litigated, the court costs are final, and the time for appealing those costs has expired. *See* 10 Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 2679 (3d. ed.).

Defendants are seeking judicial review of court costs, which is governed by Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) permits a party to file a motion for judicial review of the clerk's costs within 7 days after the clerk has fixed costs, and a party's failure to object to the clerk's costs in the district court constitutes a waiver of the right to challenge the costs. *See Prince v. Poulos*, 876 F.2d 30, 34 (5th Cir.

1989).[1] Because Defendants failed to seek judicial review of the court costs within the prescribed 7-day period, Defendants have waived their right to challenge the costs, and the court costs are considered final under Section 1963 and Rule 54(d)(1).

Third, Defendants argue that Plaintiff has not substantiated the court costs and that the costs should have been apportioned with other defendants. Again, Defendants had an opportunity to question the costs when they were imposed by the Seventh Circuit and the Illinois district court. Because Defendants failed to do so, they have waived their right to challenge the costs, and they cannot assert more than one year later that Plaintiff has failed to substantiate his costs or that the costs should be apportioned.

In addition to permitting court costs to be registered under Section 1963, the court in *James Blackstone* held that a defendant could not complain about apportionment of court costs under a Rule 60 challenge. *See* 28 F.R.D. at 386. The plaintiff argued that he was one of thirteen others who were also obligated to pay court costs to the defendant, so those court costs should be shared and plaintiff should only be liable for 1/14th of the total costs. *See id.* at 387. Rejecting plaintiff's

---

[1] *See also Ahlberg v. Chrysler Corp.*, 481 F. 3d 630, 638 (8th Cir. 2007) (Because appellant failed to challenge clerk's costs in district court under Rule 54(d)(1), appellant waived right to judicial review.); *Bloomer v. United Parcel Serv., Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003) (A plaintiff waived the right to judicial review of the clerk's costs by failing to request that the district court review the clerk's award.); *Cooper v. Eagle River Mem'l Hosp., Inc.*, 270 F.3d 456, 464 (7th Cir. 2001) (A party, who objects to the clerk's costs after the deadline imposed by Rule 54(d)(1), waives the right to challenge the costs.); *Walker v. California*, 200 F.3d 624, 625-26 (9th Cir. 1999) (A party may demand judicial review of a cost award only if the party filed a proper motion to review the award within the period specified by Rule 54(d)(1).).

apportionment claim, the court explained that the judgment's failure to indicate whether it should be apportioned is not a new circumstance but one that has been present since the moment the decree was rendered. *See id.* The only new circumstance is execution on the plaintiff's assets, which is a normal and foreseeable incident of any judgment. *See id.* Like *James Blackstone*, this Court finds no basis for interfering with the court costs imposed by the Seventh Circuit and Illinois district court.

Fourth, Defendant Hale also claims that this Court lacks personal jurisdiction over him as a resident of Tarrant County with no connection to Dallas County. Defendant misunderstands the scope of this Court's jurisdiction in the State of Texas. As a federal district court within the Northern District of Texas, this Court has the power to exercise jurisdiction over certain counties in the northern and central parts of the state of Texas, including Tarrant County. Defendant Hale as a resident of Tarrant County and Defendant ISG, which has its principal place of business in Tarrant County, are subject to the jurisdiction of this Court. Defendant Hale confuses where this Court convenes, Dallas, with its jurisdictional reach, the Northern District of Texas. Plaintiff has not filed for collection in the wrong jurisdiction, and Plaintiff's Motion does not fail for lack of personal jurisdiction.

Fifth, Defendant claims that Plaintiff has violated the ITEPA, arguing that Plaintiff's possession of Defendant Hale's and his family's personal information compromises their safety. Section 521.051(a) of the ITEPA states:

> A person may not obtain, possess, transfer, or use personal identifying information of another person without the other person's consent and with intent to obtain a good, a service, insurance, an extension of credit, or any other thing of value in the other person's name.

10

TEX. BUS. & COM. CODE § 521.051 (Vernon 2009). The ITEPA requires a person to have both personal identifying information and intent to obtain something valuable using the other person's identity. Even assuming without deciding that Defendant can properly raise this as a defense in this context, Defendants have not shown that Plaintiff has violated the ITEPA because there is no evidence that Plaintiff had the intent to impersonate Defendant Hale or a family member to obtain the Illinois court costs. The ITEPA was enacted to protect victims of identity theft, not to protect debtors against a creditor's attempt to enforce a money judgment.

Although Defendants' arguments against Plaintiff's efforts should be rejected, Plaintiff requests that the Court seize specific assets owned by Defendants without specifying the source of the Court's authority for issuing such an order. Plaintiff's requested relief may be authorized under the Texas Turnover Statute, which states:

> (a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
>> (1) cannot readily be attached or levied on by ordinary legal process; and
>> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.
>
> (b) The court may:
>> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution.

TEX. CIV. PRAC. & REM. CODE § 31.002.

Under this statute, Plaintiff must show that (1) the debtor owns the property, (2) the property cannot be readily attached, and (3) the property is not exempt. *See*

11

*Stephenson*, 2003 WL 22097781, at *2. Although Plaintiff has not satisfied all three requirements, Plaintiff's motion suggests that he may be able to satisfy them in a new motion. Plaintiff states that he will be able to show that Defendants own the property he seeks to attach:

> Plaintiff can supply information as required as to known or believed banks, bank account numbers, owned vehicle vin numbers, and other related information that the U.S. Marshall [sic] and/or Hale/ISG's bank would need to confirm accounts for turnover purposes.

Dkt. No. 11 at 5.

Plaintiff has provided some evidence that the property cannot be readily attached because Defendants have shown an unwillingness to cooperate with Plaintiff's enforcement attempts. *See Hennigan v. Hennigan*, 666 S.W.2d 322, 324 (Tex. App. – Houston [14th Dist.] 1984) (writ ref'd n.r.e.) (finding debtor's testimony that he did not intend to pay a judgment voluntarily and his refusal to attend two depositions on his assets established that debtor's assets could not be readily attached). To enforce his court costs, Plaintiff filed a writ in April 2014, another supplemental writ in December 2014, and a collection attempt by the U.S. Marshal Service in January 2015. Defendants resisted each of these enforcement attempts. Plaintiff has also provided evidence of communications from October 2013 to January 2015 showing Defendants' refusal to respond to Plaintiff's request for payment. *See* Dkt. No. 11-1.

Plaintiff seeks to attach bank accounts and vehicles owned by Defendants, and neither likely qualifies as property exempt from a turnover order. Texas courts have applied the turnover statute to a wide variety of property, including bank accounts

and personal property. *See* 5 Roy W. McDonald & Elaine A. Grafton Carlson, Tex. Civ. Prac. § 31.65 (2d. ed.) (types of property that are appropriate for a turnover proceeding include: property located outside the state; intangible property not subject to garnishment; future income; investments in limited partnerships, joint ventures, or royalties; the right to accounts receivable; promissory notes, stocks, or bank accounts; causes of action; and secreted property, including a safety deposit box.). Texas courts have also recognized exemptions from turnover orders for wages and commissions, but Defendants have not, to this point, alleged any tangible facts to show that a particular asset meets a statutorily exempt classification. *See Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 240 (5th Cir. 1997).

## Recommendation

Plaintiff's Motion for Specific Attachment of Assets [Dkt. No. 6] for the court costs registered under 28 U.S.C. § 1963 should be granted only to the extent that Plaintiff should be ordered to file a motion showing that he satisfies the requirements for a turnover order under Texas Turnover Statute, Texas Civil Practice & Remedies Code § 31.002 or, alternatively, an order requiring attachment of specific assets under some other specific source of authority. Plaintiff should be ordered to specifically identify the property that he seeks to attach (as broad property categories are not permissible), to specifically identify the source of legal authority for the attachment or turnover (such as the Texas Turnover Statute, Texas Civil Practice & Remedies Code § 31.002), and to show that Defendants own the property, that the property cannot be readily attached, and why each asset is not exempt from a turnover order

or attachment. Plaintiff should be ordered to file this new motion under seal pursuant to Federal Rule of Civil Procedure 5.2 and Northern District of Texas Local Civil Rule 79.3 if he includes any confidential information, such as Defendant Hale's financial accounts.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996).

DATED: August 4, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE