UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON NIEMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:14-mc-38-B-BN |
| § | |
| KEITH HALE, ET AL., § | |
| § | |
| Defendants. § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated August 4, 2015, and Defendants Keith Hale and Insurance Search Group's objections and Plaintiff Jason Nieman's response thereto, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct, and they are accepted as the Findings, Conclusions, and Recommendation of the Court. The Court, however, does partially accept Defendants' request for clarification of the statement on pages 1-2 of the Findings, Conclusions, and Recommendation and will, to avoid unnecessarily addressing any factual disputes that may have been the subject of now-resolved litigation, clarify that that statement should read: "During March 2011, Plaintiff Nieman applied for a job with RLI Insurance Co., which was using Defendant Hale, a professional insurance employment recruiter who does business as Defendant ISG, to find qualified applicants."

Defendants filed along with their objections a Federal Rule of Civil Procedure 60(b) motion seeking an order vacating the judgments awarding Plaintiff court costs payable by Defendants out of

the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Central District of Illinois in the amounts of $618.00 and $345.00, respectively. *See* Dkt. No. 16. Plaintiff has responded to Defendants' Rule 60(b) motion, *see* Dkt. No. 17, and Defendants' time to reply has passed.

Invoking Federal Rules of Civil Procedure 60(b)(3) and 60(b)(5), Defendants assert that a Rule 60(b) vacatur order is warranted based on "the inequity of ordering Defendant Hale to pay for Plaintiff Nieman's federal appeal court costs in light of the Illinois State Court dismissal in Hale's favor, with prejudice" and on "Nieman's factless, twisted and malicious misrepresentations extant in his remanded Illinois Case." Dkt. No. 16 at 14-15.

Federal Rule of Civil Procedure 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). But any Rule 60(b)(3) motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). The judgments at issue were rendered in 2013 and were registered as judgments in this Court in March 2014. *See* Dkt. No. 1. Defendants' Rule 60(b)(3) motion filed on August 18, 2015 is therefore untimely. *See* FED. R. CIV. P. 60(c)(1); *Cadle Co. v. Neubauer*, 562 F.3d 369, 372 (5th Cir. 2009). The fact that the Illinois state court did not dismiss Plaintiff's state-law claims in the underlying Illinois action until earlier this year – allegedly, according to Defendants, based on Plaintiff's misconduct – is of no moment where "[i]t would make little sense to toll the limitations period of rules designed to deal with [misconduct] because [misconduct] was present." *In re Lothian Oil, Inc.*, 508 F. App'x 352, 357 (5th Cir. 2013).

Federal Rule of Civil Procedure 60(b)(5) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). Defendant do not claim that the judgments for Plaintiff's court costs entered by the Seventh Circuit and the Central District of Illinois and now registered in this Court have been satisfied, released, or discharged. And the state court's subsequent dismissal of Plaintiff's state-law claims on summary judgment did not reverse or vacate, within the meaning of Rule 60(b)(5), the earlier judgments for court costs entered by the federal courts prior to the underlying Illinois case's remand to state court. *See In re Delta Starr Broadcasting, L.L.C.*, 422 F. App'x 362, 367 (5th Cir. 2011).

Rather, Defendants assert that, because they "prevailed in finality, the costs awarded at the Federal Appellate level are inequitable." Dkt. No. 16 at 12. But the Seventh Circuit and the Central District of Illinois assessed court costs based on the proceedings before those courts, in which Plaintiff ultimately prevailed as to Defendants' motions to dismiss and for sanctions. The state court's subsequent ruling that Plaintiff's state-law claims should be dismissed without prejudice on summary judgment did not address or disturb those courts' assessment of court costs or the reversal of the Illinois federal district court's granting of Defendants' motion to dismiss and motion for sanctions against Plaintiff. *See* Dkt. No. 13-1.

"Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (internal

quotation marks omitted). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief." *Id.* Defendants have not shown any significant change either in factual conditions or in law that renders enforcement of the judgments for court costs in the proceedings in the Seventh Circuit and Central District of Illinois – originally entered by those federal courts and now, as registered here, judgments of this Court – inequitable. That Defendants ultimately prevailed against Plaintiff on his state-law claims on remand in state court, after which Plaintiff appealed but then dismissed his appeal, does not render continued enforcement of judgments for a total of $935.00 in court costs assessed based on the outcome of prior proceedings, which the state court did not revisit in its subsequent judgment of dismissal, detrimental to the public interest or in any sense within the meaning of Rule 60(b)(5) inequitable.

**IT IS, THEREFORE, ORDERED** that (1) the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted; (2) that Plaintiff's Motion for Specific Attachment of Assets [Dkt. No. 6] for the judgments for court costs registered under 28 U.S.C. § 1963 is GRANTED only to the extent that Plaintiff is ordered (a) to file a motion showing that he satisfies the requirements for a turnover order under Texas Turnover Statute, Texas Civil Practice & Remedies Code § 31.002 or, alternatively, an order requiring attachment of specific assets under some other specific source of authority, (b) to specifically identify the property that he seeks to attach (as broad property categories are not permissible), to specifically identify the source of legal authority for the attachment or turnover (such as the Texas Turnover Statute, Texas Civil Practice & Remedies Code § 31.002), and to show that Defendants own the property, that the property cannot be readily attached, and why each asset is not exempt from a turnover order or attachment, and (c) to file this new motion under seal pursuant to Federal Rule of Civil Procedure 5.2 and Northern

District of Texas Local Civil Rule 79.3 if he includes any confidential information, such as Defendant Hale's financial accounts; and (3) that Defendant's Rule 60 Motion for Relief from Judgment or Order [Dkt. No. 16] is DENIED.

    **SO ORDERED** this 6th day of October, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE